**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRYL BURGHARDT, | No. 18-55548 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01986-JAK-DFM |
| v. | |
| ERIK SHEAR, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted February 17, 2021[**]

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

California state prisoner Darryl Burghardt appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a due process violation from the photographic identification process used in his arrest and conviction.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Burghardt's action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on his claim would necessarily imply the invalidity of his conviction or sentence, and Burghardt failed to allege facts sufficient to show that his conviction had been invalidated. *See id.* at 486-87 (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

**AFFIRMED.**

18-55548